UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN DIONNE SCOTT,

                Plaintiff,

v.                                            Case No. 20-cv-1839-pp

TONY EVERS, KEVIN CARR,
DANIEL KONKOL, SCOTT ANDERSON,
PATRICK FLANAGAN, and JOHN DOES 1–10,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4), DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 7) DENYING PLAINTIFF'S MOTION FOR RECRUITMENT OF COUNSEL (DKT. NO. 8), SCREENING COMPLAINT AND DISMISSING CASE**

      Steven Dionne Scott, an inmate at Green Bay Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his right to due process when he was tried, convicted and sentenced despite being legally incompetent. This decision resolves the plaintiff's motions for leave to proceed without prepaying the filing fee, dkt. no. 4, to appoint counsel, dkt. no. 7, and for an extension of time, dkt. no. 8, and screens his complaint, dkt. no. 1.

**I.**      **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 4); Motion for Time Extension (Dkt. No. 8)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C.

1

§1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On December 29, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $8.39. Dkt. No. 6. On January 21, 2021, the plaintiff asked for an extension of time to pay the fee because the business office at his prison had not granted his request to deduct and send the fee from his release account. Dkt. No. 8. The plaintiff requested another order from the court allowing him to pay the initial partial filing fee from his release account. Id. On February 1, 2021, however, the court received the $8.39 initial partial filing fee.

The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4. He must pay the remainder of the filing fee over time in the manner explained at the end of this order. Because the court received the payment, it will deny the plaintiff's motion for an extension of time as unnecessary. Dkt. No. 7.

**II.     Screening the Complaint (Dkt. No. 1)**

   A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison,

2

668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The plaintiff alleges that in July 2006, he "was forced to attend a Jury Trial, while being mentally incompetent." Dkt. No. 1 at ¶1. He alleges that before the trial began, he was diagnosed with major depression and bi-polar disorders and placed on psychotropic medication. Id. at ¶2. He says that he informed his attorney, defendant Scott Anderson, who told the plaintiff a psychiatrist would evaluate him before trial. Id. at ¶¶2-3. The plaintiff says no one evaluated him, and in November 2005 he wrote to attorney Anderson

3

asking when the psychiatrist was coming. Id. at ¶3. The plaintiff alleges that Anderson did not to respond to the letter and did not inform the court before trial that Anderson was waiting to have a psychiatrist evaluate the plaintiff or that the plaintiff might be incompetent to stand trial. Id. at ¶¶3–4. The plaintiff says that defendant Patrick Flanagan, another attorney who represented him, informed the trial court that the plaintiff was on psychotropic medication. Id. at ¶9. He asserts that Flanagan did not seek to delay the trial or change the plaintiff's plea because of the plaintiff's alleged mental incompetence. Id.

A jury found the plaintiff guilty of two counts each of second-degree sexual assault and substantial battery. Id. at ¶1. In October 2006, Milwaukee County Circuit Court Judge Daniel Konkol sentenced the plaintiff to forty years' imprisonment followed by ten years of extended supervision. Id.; see State of Wisconsin v. Scott, Case No. 2005CF004911 (Milwaukee County Circuit Court), available at https://wcca.wicourts.gov/.

The plaintiff asserts that attorney Anderson violated his right to due process by failing to have a psychiatrist evaluate him before trial and by allowing him to be tried and convicted while mentally incompetent. Id. at ¶4. He says Anderson should have investigated and presented an insanity defense or entered a plea of not guilty by reason of mental disease or defect. Id. at ¶7. He further asserts that Anderson should have informed the court of the plaintiff's mental condition, requested an evidentiary hearing on the plaintiff's competency or recruited a psychiatrist to evaluate the plaintiff. Id. at ¶8.

The plaintiff seeks a court order for a competency evaluation. Id. at page 6. He also seeks compensatory and punitive damages. Id.

C. Analysis

The court must dismiss the plaintiff's case for several reasons.

4

First, the complaint asserts that the plaintiff's trial attorneys failed to obtain a psychiatric evaluation before trial, pursue an alternate defense or enter a plea of not guilty by way of mental disease or defect. In short, the complaint says the plaintiff's attorneys were ineffective. The plaintiff is arguing that his lawyers provided him with ineffective assistance of counsel. A plaintiff seeking to arguing that his criminal defense counsel provided ineffective assistance must bring a petition for *habeas corpus* under 28 U.S.C. §2254, not a civil lawsuit under §1983. See Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973); Moran v. Sondalle, 218 F.3d 647, 650–51 (7th Cir. 2000). In 2015, the plaintiff filed a §2254 *habeas* petition in the Eastern District of Wisconsin. See Scott v. Eckstein, Case No. 15-cv-77-NJ (petition filed Jan. 20, 2015; denied Oct. 21, 2016). In that petition, the plaintiff did not raise his ineffective assistance of counsel claim, although that petition was his opportunity to do so. The plaintiff cannot get around the rules governing §2254 petitions by raising a claim of ineffective assistance of counsel in a §1983 civil rights lawsuit.

Second, to the extent that the plaintiff is challenging the validity of his criminal conviction or sentence, the law does not allow him to do that in a civil rights lawsuit. A prisoner may not raise claims in a civil rights lawsuit if a judgment in his favor on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The plaintiff argues that his trial, conviction and sentence were invalid, but he does not allege that his conviction and sentence have been vacated or expunged or otherwise invalidated. As the court has noted, his §2254 *habeas* petition was unsuccessful. Unless the plaintiff's

5

conviction or sentence is reversed, expunged or declared invalid, he may not seek relief through a civil action. See Heck, 512 U.S. at 486–87.

Third, even if a civil rights lawsuit under §1983 was the appropriate way to attack a criminal conviction or sentence, criminal defense attorneys are not proper defendants under §1983. Section 1983 allows a plaintiff to sue "state actors" for violating his civil rights; "a lawyer is not a state actor when he performs the traditional function of counsel to a defendant in a criminal case." Walton v. Neslund, 248 F. App'x 733, 733 (7th Cir. 2007) (citing Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1988)). See also Cornes v. Munoz, 724 F.2d 61, 63 (7th Cir. 1983).

Nor may the plaintiff sue Judge Konkol for sentencing him in October 2006. Judges have absolute immunity from civil liability in the performance of their judicial functions. Mireles v. Waco, 502 U.S. 9, 9–10 (1991); Stump v. Sparkman, 435 U.S. 349, 363 (1978). "Judicial functions" are actions of the judge "that are 'closely associated with the judicial process.'" Smith v. Schwarz, 46 F. App'x 374, 375 (7th Cir. 2002) (quoting Cleavinger v. Saxner, 474 U.S. 193, 200 (1985)). Sentencing a defendant is a "judicial function" for which Judge Konkol is immune from suit.

Fourth, the body of the complaint does not mention any of the other defendants—Tony Evers, Kevin Carr or Does 1-10. To state a claim against a defendant under §1983, the plaintiff must explain how each defendant "personally participated in or caused the unconstitutional actions." Alejo v. Heller, 328 F.3d 930, 936 (7th Cir. 2003) (citing Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981)). Listing defendants in the caption of the complaint is not enough to state a claim against them. The complaint does not

state a claim against defendants Tony Evers, Kevin Carr or John Does 1 through 10.

Finally, even if the plaintiff had stated valid claims against suable defendants, the complaint is untimely. The plaintiff alleges that he was unconstitutionally tried and convicted in July 2006 and sentenced in October 2006—nearly fifteen years ago. The statute of limitations for lawsuits under §1983 is "the statute of limitations for personal injuries supplied by the state in which the claim arose." Huber v. Anderson, 909 F.3d 201, 207 (7th Cir. 2018) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)). In 2006, the limitations period for §1983 actions arising in Wisconsin was six years. See id. at 207 (citing Wis. Stat. §893.53 (2016), amended by 2017 Wis. Act 235 (eff. Apr. 5, 2018) (reducing applicable statute of limitations from six to three years)). The plaintiff filed this complaint almost nine years too late.

The court concludes that the complaint fails to state a claim. Ordinarily the court would give the plaintiff an opportunity to amend his complaint to state a viable claim under §1983. But the court is not required to provide that opportunity when amendment would be futile. See Boyd v. Bellin, ___ F. App'x ___, No. 20-3087, 2021 WL 479769, at *3 (7th Cir. Feb. 10, 2021) (citing O'Boyle v. Real Time Resolutions, Inc., 910 F.3d 338, 347 (7th Cir. 2018)). Because the plaintiff seeks to proceed on claims that must be brought in a *habeas* petition under §2254, and because the complaint is years too late, amendment would be futile.

### III. Motion for Appointment of Counsel (Dkt. No. 7)

The plaintiff has asked the court to appoint him a lawyer. Dkt. No. 7. He says he suffers from lupus, which has rendered him temporarily cognitively impaired. Id. He also says he lacks the expertise to litigate this case because of

7

its inherent difficulty. Id. Because the court is dismissing the complaint, the court will deny the motion to appoint counsel as moot.

**IV. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **DENIES AS UNNECESSARY** the plaintiff's request for an extension of time to pay the initial partial filing fee and for an order allowing him to pay the initial partial filing fee from his release account. Dkt. No. 8.

The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel. Dkt. No. 7.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

The court **ORDERS** that the Clerk of Court must document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$341.61** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 9th day of March, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**